## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Bio-Lab, Inc., Clearon Corp., and Occidental Chemical Corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>United States,<br><br>*Defendant*. | Court No. 19-00158 |

## **COMPLAINT**

1.  This action is commenced pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii) to contest the U.S. Department of Commerce's ("Commerce") final results of the administrative review of the countervailing duty order on chlorinated isocyanurates ("chlorinated isos") from the People's Republic of China ("China"), published in the *Federal Register* as *Chlorinated Isocyanurates From the People's Republic of China,* 84 Fed. Reg. 37,627 (Dep't of Commerce Aug. 1, 2019) (fin. results) (hereinafter "*Final Results*").

### JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii).

### STANDING

3.  Plaintiffs Bio-Lab, Inc., Clearon Corp., and Occidental Chemical Corporation ("BioLab," "Clearon," and "OxyChem") are domestic producers of chlorinated isos and therefore are interested parties as defined in 19 U.S.C. § 1677(9)(C). BioLab, Clearon, and OxyChem participated actively in the administrative proceeding that resulted in the contested

1

determination, and thus, are entitled to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

4. Commerce published its notice of the final results of the administrative review in the *Federal Register* on August 1, 2019.  *See Final Results*.  On August 30, 2019, Plaintiffs commenced this action by the timely filing of a Summons with this court within the thirty-day statutory time limit specified in 19 U.S.C. § 1516a(a)(2)(A).

5. This Complaint is being filed concurrently with the filing of the Summons, and thus, is timely within the statutory time limits specified in 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and in accordance with 28 U.S.C. § 2636(c).

## SUMMARY OF FACTS

6. On January 11, 2018, Commerce initiated an administrative review of the countervailing duty order on chlorinated isos from China.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 83 Fed. Reg. 1,329, 1,333, 1,334 (Dep't Commerce Jan. 11, 2018) (notice of initiation).

7. On December 8, 2018, Commerce published its preliminary results of the administrative review, in which it preliminarily decided that countervailable subsidies were being provided to producers and exporters of chlorinated isos from China.  *See Chlorinated Isocyanurates from the People's Republic of China*, 83 Fed. Reg. 63,159 (Dep't Commerce Dec. 7, 2018) (prelim. results) ("*Preliminary Results*").  With respect to one program, *i.e.*, the Export Buyer's Credit Program, Commerce found that the Government of China failed to cooperate by not providing necessary information that was requested by Commerce, and as adverse facts

available ("AFA") against the Government of China, assigned a rate of 0.87 percent *ad valorem* to the Program.

8. On August 1, 2019, Commerce published the *Final Results*, in which it, *inter alia*, affirmed its determination that the Government of China failed to cooperate, but maintained the adverse rate assigned to the program at 0.87 percent.

## COUNT 1

9. Paragraphs 1-8 are hereby incorporated by reference.

10. Commerce's application of an AFA rate of 0.87 percent to the China Ex-IM Bank's Export Buyer's Credit Program is not supported by substantial evidence, is inconsistent with prior agency practice, and is otherwise contrary to law. When selecting an AFA rate from among the possible sources of information, Commerce must induce respondents to provide accurate information by ensuring that parties do not obtain a more favorable result by failing to cooperate.

11. Commerce's assignment of 0.87 percent is not in accordance with law because it is inconsistent with agency practice, and fails to conform to the purpose of the statute because 0.87 percent is not an adverse rate. By assigning in this case a dramatically lower rate than what it has assigned this Program in previous cases, Commerce has encouraged the Government of China to refuse to cooperate in the future and has caused parties to benefit from the Government of China's refusal to cooperate.

12. Commerce's determination is also not supported by substantial record evidence because it was based, in part, on a finding that the Export *Buyer's* Credit Program is similar to an Export *Seller's* Credit Program found to be countervailable previously. However, the record

does not indicate any similarities between these two programs, and thus, Commerce's determination is not supported by substantial evidence.

13. For these reasons and other reasons that can be found in the public and confidential administrative record to be filed with the Court, Commerce's determination to apply a rate of 0.87 percent to the Export Buyer's Program is not supported by substantial evidence and is not in accordance with law.

## DEMAND FOR JUDGMENT AND RELIEF

14. WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against the Defendant, declare that Commerce erred in the *Final Results* as alleged herein, remand this matter to Commerce to apply an AFA rate that fulfills the purpose of the statute and is consistent with prior agency practice, and grant the Plaintiffs such further relief as the Court may deem appropriate.

Respectfully submitted,

Date: August 30, 2019         /s/ James R. Cannon, Jr.

James R. Cannon, Jr.
Jonathan M. Zielinski
Ulrika K. Swanson
**CASSIDY LEVY KENT (USA) LLP**
900 19th Street NW, Suite 400
Washington, DC 20006
202-567-2318
jcannon@cassidylevy.com

*Counsel to Bio-Lab, Inc., Clearon Corp., and Occidental Chemical Corporation*